## HERR v. HANSEN.

IMMATERIAL ERROR.

As a defense to an action on a promissory note, defendant pleaded an agreement to extend the time of payment and that the suit was commenced before the expiration of that time. The trial was to the court, which permitted the plaintiff, over defendant's objection, to introduce the note in evidence. Thereupon, both parties rested. *Held,* that the error, if any, did not constitute reversible error.

*Appeal from the District Court of Arapahoe County.*

Mr. WILLIS B. HERR, for appellant.

Mr. N. Q. TANQUARY, for appellee.

BISSELL, J., delivered the opinion of the court.

Hansen commenced this action in the county court to recover from Herr the amount due on a promissory note, which was dated the 1st of August, 1892, and was a promise to pay Hansen or order $600, with interest at 8 per cent. The title was stated, nonpayment averred, with an allegation of the amount due. The only defense with which we are concerned is the paragraph of the answer wherein Herr set up that after the maturity of the note he requested additional time in which to pay, and averred an agreement by the plaintiff to extend the time of payment for one year on the defendant's promise to give security for the payment of the note, or its payment in cash. The security was to be given before the 15th day of August. The defendant stated his

willingness to carry out the promise and furnish the security, and set up the commencement of the action before the maturity of the note, if the agreement to extend was valid and had taken effect. There was no statement of any consideration other than what may be found in the allegation of the promise to give security, nor was there any averment that the security was offered or tendered, its nature, character, or its sufficiency. Judgment went against the defendant in the county court, and he took an appeal to the district court, when the cause came on afterwards for trial. At the hearing, the plaintiff offered the note in evidence. But to this the defendant objected, insisting the burden was on him, the note being admitted, and asserting a right to open and close the case. The trial was to the court. The court permitted the plaintiff to offer his note, and thereupon both the plaintiff and the defendant rested.

The appellant insists the court erred in permitting the plaintiff to introduce the note, and thereby practically assume the burden with the rights which it gave. This is practically the only error relied on. Whatever may be the true rule in a case of this description, no prejudicial error was committed by the proceeding, nor was the appellant in any wise harmed by it, nor can he reverse the judgment because of the ruling. The case was tried to the court, the note was legitimate testimony, and the order of the proceedings could in no wise operate to his prejudice, and when he failed to introduce any evidence in support of his defense, if it was a defense, he thereby precluded himself from assigning error on the ruling. We are not at all clear any defense was pleaded, nor that the plea would have permitted the introduction of testimony. If it did, it was incumbent on the defendant to offer his proof that therefrom it might be determined whether the facts as proven constituted a defense to the suit and abated the action.

There is no error apparent in the record, and the judgment will accordingly be affirmed.

*Affirmed.*